UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MAZEN ABU-HATAB, M.D., )
 )
       Plaintiff, )
 )
v. ) No. 3:06-CV-436
 ) (GUYTON)
BLOUNT MEMORIAL HOSPITAL, INC., and )
NASEEM H. SIDDIQI, M.D., )
 )
       Defendants. )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 41], on defendant Blount Memorial Hospital, Inc.'s Second Motion to Dismiss. [Doc. 46] Defendant Blount Memorial Hospital, Inc. ("BMH") moves the Court to dismiss the sixth claim for relief in the plaintiff's Amended Complaint [Doc. 35], arguing that the Court previously dismissed a similar claim. The plaintiff concedes that the Court previously dismissed a similar claim, but renews his arguments that the claim is proper and should not be dismissed. For the reasons set forth herein, the defendant's motion will be granted.

**I.    Procedural History**

On July 24, 2007, the Honorable Thomas W. Phillips, United States District Judge, entered an Order [Doc. 33] granting BMH's motion to dismiss the plaintiff's fourth claim for relief (defamation) and fifth claim for relief (tortious interference with prospective business relations). In that same Order, the plaintiff's motion to amend was also granted, and plaintiff filed an amended

complaint on July 27, 2007, adding, in pertinent part, a sixth claim for relief under a theory of unlawful procurement of breach of contract.

On September 10, 2007, the parties consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). [Doc. 41] The instant motion followed and is now ripe for adjudication.

**II.    Analysis**

    A.    Standard of Review

BMH filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. Trzebuckowski v. City of Cleveland, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, Lawler v. Marshall, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

B.  Plaintiff's Sixth Claim for Relief

In his sixth claim for relief, the plaintiff alleges, in pertinent part, that the defendants interfered with the plaintiff's "contractual and prospective economic relations with BMH, with his patients at BMH and his patients at other facilities and with insurance companies such as Blue Cross and Blue Shield of Tennessee." [Doc. 35 at ¶ 79]

BMH moves the Court to dismiss this claim, arguing that, as a public hospital, it is immune from liability for such a claim pursuant to the Tennessee Governmental Tort Liability Act ("GRLA"), Tenn. Code Ann. § 29-20-201, *et seq*. The plaintiff opposes the motion, arguing that this claim alleges an intentional interference with business relations and further arguing that such a claim is distinct from a claim for tortious interference with contract.

As the Court noted above, the District Court previously granted BMH's motion to dismiss as to the plaintiff's fifth claim for relief, which also alleged interference with prospective business relations. In granting the motion to dismiss, the District Court ruled as follows:

> plaintiff asserts that his fifth claim for relief for interference with prospective business relations is not barred by the GTLA. In his amended complaint, plaintiff alleges that the wrongful conduct of Blount Memorial has interfered with his business relations with defendant, his patients at defendant's hospital and other facilities, and insurance companies. Blount Memorial contends that plaintiff's claim for interference with prospective business relations is barred by § 29-20-205(2) of the GTLA which provides an exception to the removal of immunity for injuries arising from "interference with contract rights." T.C.A. § 29-20-205(2); Hobson v. Metro. Govt. Of Nashville, 2003 WL 22071545. Blount Memorial argues that the exception to the removal of immunity for interference claims stated in § 29-20-205(2) should apply to claims based on interference with prospective business relationships as well as contractual relationships.
>
> In Trau-Med of Am., Inc v. Allstate Ins. Co., 71 S.W.3d 691 (Tenn. 2002), the Tennessee Supreme Court stated that the cause of

3

> action for intentional interference with a business relationship is merely "an extension of the well-known [tort of] interference with contractual relations. Id. at 699. The court further explained that the business relationships protected by the tort of intentional interference with business relationships "include any prospective contractual relations . . . if the potential contract would be of pecuniary value," including a "continuous business or other customary relationship" which is non-contractual. Id. at 701 (emphasis provided). As this tort is an extension of the tort of interference with contractual relations, the court finds that it is also subject to the GTLA's retention of immunity for claims of interference with contract rights. See Martinek v. United States, 254 F.Supp.2d 777, 790 (S.D. Ohio 2003) (determining that claims for interference with business relationships fall within the exclusion for claims arising out of interference with contract rights). Accordingly, plaintiff's fifth claim for relief for interference with business relations will be DISMISSED as to defendant Blount Memorial.

[Doc. 33 at 4-5]

The Court finds the District Court's opinion to be well reasoned, and further finds that the District Court's ruling constitutes the law of the case on this issue. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 815-816 (U.S. 1988) ("the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case. This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues.") (internal citations omitted). The Court also finds that the District Court's ruling as to the fifth claim for relief applies equally to the sixth claim for relief. Therefore, applying the law of the case to the instant motion, the defendant's motion to dismiss as to the plaintiff's sixth claim for relief must be granted for the same reasons set forth as to the dismissal of the plaintiff's fifth claim for relief.

## III. Conclusion

Accordingly, the Court finds BMH's motion [Doc. 46] to be well-taken, and the same is hereby **GRANTED**. The plaintiff's sixth claim for relief for alleged statutory unlawful procurement of breach of contract is hereby **DISMISSED**. This matter will proceed toward trial on the remaining counts of the plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge