UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAZEN ABU-HATAB, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-436 |
| ) | (GUYTON) |
| BLOUNT MEMORIAL HOSPITAL, INC., ) | |
| NASEEM H. SIDDIQI, M.D., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned conducting any and all proceedings in this case. This matter is before the undersigned for disposition of Plaintiff's Motion to Amend [Doc. 60].

**I. FACTS**

Plaintiff, Mazen Abu-Hatab, M.D., ("Plaintiff") requests that the Court grant him leave to amend his Complaint to add Extracorporeal Technologies, Inc., ("ETI") as a defendant. [Doc. 60.] In his First Amended Complaint [Doc. 35], Plaintiff alleged hostile behavior from and possible falsification of complaints by "Dr. Siddiqi's nurses," who were "employed and controlled by Dr. Siddiqi." Plaintiff seeks to amend his complaint to allege that ETI, not Dr. Siddiqi, employs Debbie Griffin, R.N., Debbie Parks, R.N., Polly Hall, R.N., and Sheree Montgomery, R.N., ("the nurses") and allege that ETI is vicariously liable for the actions of Dr. Siddiqi and the nurses.

Plaintiff argues that there has been no undue delay in requesting permission to amend and states that his request is not made in bad faith. [Doc. 60 at 3.] Plaintiff claims that Dr. Siddiqi will not be prejudiced by the amendment because he has been on notice of the allegations against he and

the nurses since the action was filed. [Doc. 60 at 3.] Plaintiff contends that the allegations against ETI are not new and unexpected, and therefore, will not prejudice Dr. Siddiqi. [Doc. 60 at 3.]

Dr. Siddiqi responds that the Plaintiff's motion is untimely and the Court's granting of the motion would expose Dr. Siddiqi to undue prejudice. Dr. Siddiqi states that during Blount Memorial Hospital's Fair Hearing regarding Plaintiff's medical privileges on August 30 and 31, 2008, Plaintiff's attorney took testimony from three witnesses who confirmed nurses Sheree Montgomery, R.N., and Debbie Griffin, R.N., were employed by ETI. [Doc. 61 at 3.] Aside from the hearing, Dr. Siddiqi contends that Plaintiff knew of ETI's role no later than August 27, 2007, when Dr. Siddiqi filed his Answer to Plaintiff's Amended Complaint [Doc. 37] and stated, "Dr. Siddiqi denies that he employed any nurses but states that certain nurses were employed by ETI, and that the nurses employed by that entity provided services at [Blount Memorial Hospital]." Thus, Dr. Siddiqi contends that the Plaintiff knew the role ETI played in events peritnent to the litigation and has failed to show good cause for not complying with the court's May 16, 2008, deadline for adding parties. [Doc. 61 at 1-2.] Dr. Siddiqi states that the Plaintiff's untimely amendment would prejudice him by necessitating new discovery on top of the extensive discovery that has already been completed.

Plaintiff responds that the motion to amend was delayed because Plaintiff was not able to take testimony from Dr. Siddiqi, the owner of ETI, until July 23, 2008. [Doc. 62 at 2.] Plaintiff also responded that Dr. Siddiqi will not be prejudiced because Dr. Siddiqi and ETI's interests are similar enough to allow for common representation and to make additional discovery unnecessary. [Doc. 62 at 3.]

2

**II. LAW**

In all cases where amendment is not available as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

Both Rule 15 and Rule 16 govern the Motion to Amend [Doc. 60]. See Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003). In deciding whether to grant a motion to amend under Rule 15, the Court may consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." General Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1130 (6th Cir.1990); Foman v. Davis, 371 U.S. 178, 182 (1962). In deciding the motion under Rule 16, the Court has two relevant considerations to weigh: (1) whether there is good cause for making the motion, an explicit component of Rule 16, and (2) whether there has been a significant showing of prejudice to the opponent, a "relevant consideration," see Leary, 349 F.3d at 907.

The primary measure of good cause "is the moving party's diligence in attempting to meet the scheduling order." Inge v. Rock Fin. Corp., 281 F.3d 613, 626 (6th Cir. 2002). But to deny a motion to amend, a court must find some significant showing of prejudice to the opponent. Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986)). "Delay alone, regardless of its length is not enough to bar [amendment] if the other party is not prejudiced." Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999) (quoting Moore, 790 F.2d at 562). Significant prejudice usually results where a motion to amend is made after either the discovery deadline has passed or a dispositive motion has been filed. See Duggins, 195 F.3d at 834 (upholding denial of plaintiff's

3

motion to amend where the time for discovery had passed and a dispositive motion had been filed); see also Leary, 349 F.3d at 909 (upholding denial plaintiffs' motion to amend filed two years after the discovery and dispositive motions deadlines had passed); Hometown Folks, LLC v. S & B Wilson, Inc., 2007 WL 3069639, *2 (E.D. Tenn., Mattice, J., 2007) (denying plaintiff's motion to amend where defendant filed motion for summary judgment to which plaintiff responded and, thereafter, moved to amend its complaint).

## III. ANALYSIS

The Plaintiffs were almost certainly aware of the basis of their claim against ETI for many months, but failed to amend their complaint in a timely manner. Using the diligence standard, the Plaintiff's showing of good cause is certainly lacking, see Inge, 281 F.3d at 626. But while the Court does not take the deadlines in the Scheduling Order [Doc.44] lightly, the Court cannot find a significant showing of prejudice. Dr. Siddiqi correctly states that thousands of pages of documents have been exchanged and numerous depositions have been taken. However, when receiving these documents and taking these depositions, the parties were aware of the role of ETI, and ETI's interests and those of the Defendants are closely aligned. Thus, there will be little need for repetitive discovery.

Furthermore, the discovery deadline in this case has not passed, and no dispositive motions have been filed. The parties have time to prepare or modify their case in light of this amendment prior to the June 9, 2009, trial date. The deadline for discovery is currently set for October 20, 2008, and the deadline for expert discovery is set for March 31, 2009. If the parties need additional time for discovery in light of this order, the Court will entertain such motion. In the end, the only prejudice to the Defendants resulting from this amendment will be delay, which as stated above is

4

not sufficient for denying a motion to amend.

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion to Amend **[Doc. 60]** is **GRANTED**.  The Plaintiff shall file his Second Amended Complaint on or before **October 10, 2008.**

**IT IS SO ORDERED**.

ENTER:

　　s/ H. Bruce Guyton　　
United States Magistrate Judge

5

Case 3:06-cv-00436   Document 67   Filed 10/01/08   Page 5 of 5   PageID #: 209